NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YANILDA ANNETTE TORO,<br><br>    Plaintiff,<br><br>    v.<br><br>VANESSA ROLAN, et. al,<br><br>    Defendants. | Civil Action No. 16-2193 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court by way of *pro se* Plaintiff Yanilda Annette Toro's filing of the Complaint, along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.E. No. 1, Complaint ("Compl.")). Having considered Plaintiff's application to proceed *in forma pauperis*, the Court concludes that Plaintiff has adequately established that her financial condition renders payment of the $400 filing fee a hardship.

However, after a court determines that a plaintiff is qualified to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court must then "screen" the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Where the plaintiff is proceeding *pro se*, courts must liberally construe the *pro se* litigant's pleadings and "apply the applicable law, irrespective of whether he has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 373 (3d Cir. 2003).

Having thoroughly reviewed Plaintiff's Complaint, the Court dismisses the Complaint for failure to state claim and for impermissibly seeking monetary relief from a defendant immune from such relief under 28 U.S.C. § 1915(e)(2)(B).

While the precise nature of the allegations are unclear, the Complaint focuses on a physical altercation between Plaintiff and Defendant Vanessa Rolon which occurred on July 12, 2012 and allegedly resulted in the injury and hospitalization of Plaintiff. (Compl. at 2-3). Plaintiff alleges causes of action in "negligence, judgments, professional malpractice, [and] civil rights," (Compl. at 4), and demands damages in excess of $72 billion from Defendants, (*id.* at 2, 4), who include Rolon, Judge Roman Montes, "NJ Superior Courts," Elizabeth Police, and "NJ State Elizabeth Municipal Court" (or "City of Elizabeth Municipal Court"), (*id.* at 1, 2). The Court will analyze the claims against each Defendant separately below.

Regarding the allegations against Judge Montes, the Court finds that they are barred by judicial immunity. Courts may dismiss a suit for money damages under 28 U.S.C. § 1915(e)(2)(B)(iii) where the defendant is protected by judicial immunity. *Ball v. Butts*, 445 F. App'x 457, 458 (3d Cir. 2011).[1] "It is well-settled that judges are entitled to absolute judicial immunity for actions taken in a judicial capacity, even if a judicial action was taken in error, was done maliciously, or was in excess of his authority. . . . This immunity from suit extends to requests for injunctive relief." *Mestman v. Escandon*, 613 F. App'x 202, 203-04 (3d Cir. 2015).

Here, the Complaint references a "judge at N.J. Municipal Court," and asks the court to "still press charges for [Defendant Rolon] trying to disfigure my face and for attacking me [in] the

---

[1] To the extent that Plaintiff seeks equitable relief rather than monetary damages, the Court notes that claims for equitable relief may be subject to dismissal under § 1915(e)(2)(B)(ii) in particular where "such relief is not available against 'a judicial officer for an act . . . taken in such officer's judicial capacity.'" *Ball*, 445 F. App'x at 458 (quoting 42 U.S.C. § 1983).

2

horrible way she did along with suing her and the court." (Compl. at 2). The Complaint further requests "the court to continue proceedings in pressing charges" against Defendant Rolon. (Compl. at 4). Thus, it appears that Plaintiff is requesting that this Court take action against Judge Montes with respect to the state court proceeding involving Plaintiff and Defendant Rolon for the July 12, 2012 altercation.

Admittedly, the Complaint is vague and the precise nature of the allegations against Judge Montes are unclear. Nevertheless, when construing the Complaint liberally, it would appear that all allegations against Judge Montes relate to the litigation of Plaintiff's civil action in state court. As such, the Court concludes that those allegations are barred by the judicial immunity. *Mestman*, 613 F. at 203 (granting judicial immunity to state court judge where all of the allegations against the judicial defendant "relate[d] to the performance of his duties as a judge presiding over the state court matters at issue").

Regarding the allegations against "NJ Superior Courts" and the City of Elizabeth Municipal Court system, the Court concludes that the claims are barred by the Eleventh Amendment. "The Eleventh Amendment of the U.S. Constitution protects a state or state agency from a suit brought in federal court by one of its own citizens regardless of the relief sought, unless Congress specifically abrogates the state's immunity or the state waives its own immunity." *Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2007). Significantly, the Third Circuit has held that both Superior and Municipal Courts in New Jersey are immune from suit pursuant to the Eleventh Amendment. *See Carroway v. New Jersey*, 202 F. App'x 564, 565 (3d Cir. 2006). Because of this, the Court finds that Plaintiff's claims against "NJ Superior Courts" and the City of Elizabeth Municipal Court system are barred by the Eleventh Amendment.

As for the Elizabeth Police force, the Court concludes that the Complaint fails to state a claim on which relief may be granted. The Complaint sets forth no discernable allegations against any individual police officers or agencies. Rather, the only relevant allegations are contained in Plaintiff's attached motion for pro bono counsel, in which Plaintiff states that "Elizabeth Police Station lied about Vanessa Rolon . . . about her making a phone call for ambulance for crowbar struck [sic] to my head." (D.E. No. 1-8 at 3).[2] Even considering this submission, however, the Court is unable to discern a cause of action arising from these facts. As such, the Court dismisses Plaintiff's claim against the Elizabeth Police force for failure to state a claim on which relief can be granted.

And finally, the Court construes the allegations against Defendant Vanessa Rolon arising out of the July 12, 2012 altercation to sound in state-law tort. In light of the fact that all other claims are dismissed—whether arising under state or federal law—the Court declines to exercise supplemental jurisdiction over the remaining state law claim against Rolon. *Gonzalez v. Camarero*, No. 11-0995, 2011 WL 3652776, at *4 (D.N.J. Aug. 19, 2011) (dismissing federal claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and declining to exercise supplemental jurisdiction over remaining state law claims).

The shortcomings discussed above do not, however, foreclose the possibility that Plaintiff may be able to state a cognizable claim by filing an amended complaint. Therefore, considering Plaintiff's *pro se* status, the Court dismisses the Complaint without prejudice, with leave to file an amended complaint. An appropriate Order follows.

                                                                   s/*Esther Salas*
                                                                    **Esther Salas, U.S.D.J.**

---

[2] While courts generally do not consider allegations outside of the Complaint at this stage, the Court will nevertheless do so in an effort to liberally construe the Complaint in favor of the *pro se* Plaintiff.